## STATE OF WEST VIRGINIA

### SUPREME COURT OF APPEALS

**FILED**
June 9, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**BRANDY L. ADDISON,**
**Claimant Below, Petitioner**

**vs.)   No. 13-0050** (BOR Appeal No. 2047437)
(Claim No. 2010115681)

**BECKLEY ONCOLOGY ASSOCIATES, INC.,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Brandy L. Addison, by John H. Shumate Jr., her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Beckley Oncology Associates, Inc., by James Heslep, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 17, 2012, in which the Board affirmed a May 22, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's May 18, 2011, and May 19, 2011, decisions which closed the claim for temporary total disability benefits. In its Order, the Office of Judges also affirmed the claims administrator's September 8, 2011, decision which denied a request to reopen the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Addison, a registration clerk, was injured in the course of her employment while she was trying to move a desk on November 23, 2009. An MRI taken shortly after the injury showed a diffuse mild disc bulge at C5-6 and C6-7. Her claim was held compensable for sprain/strain of the rotator cuff, neck, and thoracic regions.

Ms. Addison underwent an independent medical evaluation by Prasadarao Mukkamala, M.D., on May 9, 2011. In that evaluation, she reported right shoulder pain as well as numbness and tingling in her right hand. She also complained of right elbow and neck pain. Dr. Mukkamala found that Ms. Addison had reached maximum medical improvement for her compensable conditions and was capable of returning to work. Ms. Addison underwent a functional capacity evaluation on May 16, 2011. Four days prior to the evaluation, she was observed on a surveillance video lifting a heavy case of water using only her right arm. In the video, she was able to turn her head and reach overhead shelves without noticeable limitations or expressions of pain. Physical therapist N. Arthur Lilly reviewed the video before he performed the functional capacity evaluation. He found that Ms. Addison's presentation on the day of the evaluation was not consistent with the surveillance video. He was unable to determine her true functional ability because she voluntarily terminated the test due to pain.

Dr. Mukkamala performed a second independent medical evaluation on July 20, 2011. He again found that Ms. Addison had reached maximum medical improvement. Dr. Mukkamala's opinion was supported by two physician's reviews performed by Randall Short, D.O. In his August 23, 2011, review, Dr. Short recommended that further temporary total disability benefits be denied. He determined that there had been no progression or aggravation of Ms. Addison's condition since Dr. Mukkamala determined she had reached maximum medical improvement in July of 2011. On September 6, 2011, Rebecca Thaxton, M.D., also performed a physician review. She recommended denying the addition of degeneration of cervical intervertebral disc to the claim. She noted that degenerative diseases are progressive in nature and the requested diagnosis would not have been caused by Ms. Addison's lifting injury. Richard Vaglienti, M.D., disagreed and opined in his August 25, 2011, attending physician's report that Ms. Addison was temporarily and totally disabled from June 14, 2011, through December 31, 2011. He attached a diagnosis update to the report which requested the addition of degeneration of cervical intervertebral disc to the claim.

The claims administrator closed the claim for temporary total disability benefits in May 18, 2011, and May 19, 2011, decisions. On September 8, 2011, the claims administrator denied a request to reopen the claim. The Office of Judges affirmed the claims administrator's decisions in its May 22, 2012, Order. It found that Ms. Addison argued that she should be granted temporary total disability benefits from May 20, 2011, through June 14, 2011; however, there is no indication in the record that Ms. Addison was temporarily and totally disabled prior to June 14, 2011. Also, Syed Zahir, M.D., Ms. Addison's treating physician, released her to return to work on May 17, 2011, if she was not a surgical candidate. The Office of Judges was unable to find any evidence that she requires surgery for either a compensable or non-compensable condition. The Office of Judges further determined that when Dr. Vaglienti found in his attending physician's report that Ms. Addison was temporarily and totally disabled from June 14, 2011, through December 31, 2011, he listed several diagnoses, only one of which, neck sprain/strain, is actually a compensable component of this claim.

The Office of Judges found that after Dr. Mukkamala's May 9, 2011, independent medical evaluation, Ms. Addison was observed on a surveillance video lifting a heavy case of water with just her right arm. She testified in a deposition that she used her thigh and leg to move

the water into her car but the Office of Judges found that it was more likely that she used only her right arm. The video was also determined to be important in regards to the symptoms Ms. Addison alleged during her May 16, 2011, functional capacity evaluation. At the evaluation, she reported severe cervical pain. This was determined to be inconsistent with her observed functioning on the surveillance video four days prior. Additionally, the physical therapist found symptom magnification and concluded that the test was invalid.

Beckley Oncology Associates, Inc., argued before the Office of Judges that Ms. Addison did not sustain an aggravation or progression of her compensable injury. The Office of Judges found that Dr. Mukkamala examined Ms. Addison twice and reviewed the surveillance video. He determined that she was at maximum medical improvement during both evaluations. Dr. Short performed two physician's reviews and reviewed the surveillance video. He too determined that she had reached maximum medical improvement. The argument of Beckley Oncology Associates, Inc., was also found to be supported by Dr. Thaxton's physician's review in which she found that though a May 21, 2011, MRI showed further degenerative changes, degenerative disc disease is a naturally occurring process and the mechanism of injury in this case would not have caused it. The Office of Judges ultimately held that Ms. Addison failed to establish that she is entitled to additional temporary total disability benefits. She also failed to show that she suffered an aggravation or progression of a compensable condition that would entitle her to a reopening of the claim.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its December 17, 2012, decision. This Court agrees with the reasoning and conclusions of the Board of Review. The evidentiary record indicates Ms. Addison has long since reached maximum medical improvement and has not sustained a progression or aggravation of her compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  June 9, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II